# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

_____

| | |
|---|---|
| MARCEL ALEXIA FLOREA and<br>IULIA FLOREA, | CV 08-52-M-DWM-JCL |
| Plaintiffs, | FINDINGS AND<br>RECOMMENDATION OF |
| vs. | UNITED STATES<br>MAGISTRATE JUDGE |
| WERNER ENTERPRISES, INC., a<br>Nebraska Corporation, et al., | |
| Defendants. | |

_____

This matter is before the Court upon Defendant Werner Enterprises, Inc.'s

Motion for Partial Summary Judgment Re: No Liability of Werner 1, filed

pursuant to Fed. R. Civ. P. 56.  For the reasons stated below the Court

recommends the motion be denied.

## I.   INTRODUCTION

This action arises from a series of collisions involving multiple semi trucks

and other vehicles.  The accidents occurred on February 18, 2007, near mile

marker 39 on Interstate 90 in Mineral County, Montana.

Included among the numerous semi trucks involved in the accidents were

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

the following:  (1) one truck operated by A & A Express ("A & A"), (2) one truck operated by Schneider National Carrier, Inc. ("Schneider"), (3) one truck operated by CR England, (4) one truck operated by Airline Transportation Specialists, Inc. ("ATS"), and (5) two trucks operated by Werner Enterprises, Inc. ("Werner").

Plaintiff Marcel Florea was a passenger in the Schneider truck, and he suffered physical injuries as a result of the accidents.  Marcel and his wife, Iulia Florea, filed this action advancing negligence claims against the referenced trucking companies seeking compensation for Marcel's injuries and the damages the Floreas sustained as a result of the accidents.  Plaintiffs, however, have settled their claims with the Defendants, and their claims are now dismissed from this action by Order entered November 16, 2009.

Defendants Werner, A & A, ATS, CR England, and Third-Party Defendant Schneider advance claims against each other for either contribution to, or indemnification for the parties' liabilities to the Plaintiffs stemming from the accidents at issue in this case.  Despite the settlement of the Plaintiffs' claims, these remaining parties continue to litigate their contribution and indemnification claims.  They apparently have jointly funded the settlement with the Plaintiffs, but they dispute the proportionate allocation of responsibility for Plaintiffs' damages

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

attributable to each party, and they apparently dispute the proportionate amount each party must contribute financially to the parties' settlement with the Plaintiffs.

Werner contends that although two of its trucks were involved, the operation of one of those played no role in the injuries sustained by Marcel Florea. Consequently, Werner seeks a determination that it cannot be held liable for contribution or indemnification to the other parties based on its operation of that truck. A & A and ATS resist Werner's motion - they contend genuine issues of material fact exist regarding whether the Werner truck caused any injury to Florea.

## II.   DISCUSSION

### A.   Summary Judgment Standards

Federal Rule of Civil Procedure 56(c) entitles a party to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue of fact is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and a fact is "material" if it may affect the outcome of the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A movant may establish its entitlement to summary judgment where the documentary evidence produced by

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

the parties permits only one conclusion.  *Id*. at 251.

"A moving party without the ultimate burden of persuasion at trial - usually, but not always, a defendant – has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A moving party without the burden at trial must produce evidence which either: (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry its burden at trial.  *Id*.  The party must "show" that there is an absence of essential evidence to support the opposing party's claim.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 325 (1986).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories of admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

Where a movant has failed, however, to meet the initial summary judgment burden, the motion should be denied regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. [Citations omitted.]  In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything.

*Nissan Fire & Marine*, 210 F.3d at 1102-03.

In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor.  *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

### B.   <u>Application of Montana Law</u>

Because jurisdiction over this action is founded upon diversity of citizenship, the Court applies the substantive law of Montana.  *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

### C.   <u>The February 18, 2007 Accidents</u>

Although the parties dispute the details of the sequence of events which occurred in the multiple collisions or accidents that gave rise to this lawsuit, the following basic description of the accidents is not disputed, except as otherwise noted below:

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 5

The accidents occurred in the dark, early morning hours on February 18, 2007, on a very icy section of the westbound lanes of Interstate 90, at or near mile marker 39.  Multiple semi trucks and other vehicles were involved in the accidents.

A & A's truck, driven by Richard Renner, was the first semi truck to arrive at the location where the accidents subsequently occurred.  Mr. Renner's trailer began sliding on the ice, so he slowed his truck down and steered it over to the shoulder, or emergency lane on I-90.  He stopped his truck in the emergency lane without colliding with any other vehicle.

The next semi truck to arrive at Mr. Renner's location was one of the two Werner trucks involved in the accidents, and was driven by Jason Wood ("Werner 1").  The Werner 1 truck was traveling westbound, and approached Mr. Renner's truck from the rear.  Mr. Wood attempted to move the Werner 1 truck to the left-hand lane to travel past Mr. Renner's A & A truck.  But, as Mr. Wood traveled past the A & A truck the trailer of the Werner 1 truck slid on the ice and collided with, or contacted the left rear corner of the trailer attached to A & A's truck.[1]

---

[1]Werner's motion requests, in part, that the Court enter summary judgment dismissing A & A's claim for liability asserted against Werner for any damage Werner caused to A & A's trailer in this collision.  All of the Defendant trucking companies, however, have agreed to dismiss all of their property damage claims

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 6

Despite the collision with the A & A trailer, Mr. Wood was able to drive Werner 1 past the A & A truck to the west on I-90.  Due to the ice, however, the tires on the Werner 1 truck began spinning, and the truck was unable to climb up the hill on the Interstate to the west of the A & A truck.  Therefore, Mr. Wood steered the Werner 1 truck to the right on the shoulder, or emergency lane of I-90.  He stopped the truck a significant distance - maybe several hundred feet - to the west of the A & A truck.[2]

The third semi truck to arrive at the scene was the Schneider truck, driven by Vyacheslov Chertov.  Mr. Chertov was also traveling west on I-90 approaching Mr. Renner's truck from the rear.  Plaintiff Marcel Florea was a passenger in the Schneider truck, and he was asleep in the cab of the truck.  Upon reaching the location of the A & A truck, the Schneider truck crashed into the rear of the trailer attached to the A & A truck.

Werner and the other parties do not describe the details of the collision

---

pled against each other stemming from the February 18, 2007 accidents.  Dkt. #s 262 and 263.  Therefore, this aspect of Werner's motion is now moot.

[2]The parties have not presented any information to the Court describing the distance between the A & A truck and the location where the Werner 1 truck stopped on the Interstate to the west of the A & A truck.  Based on the photographs submitted to the Court, however, it appears that the distance could be several hundred feet.  *See* Dkt. #s 118-4 at 2 of 3, 118-5 at 2 of 3, and 140-1.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 7

between the Schneider and the A & A trucks.  They do not describe the severity of the impact, what portion of the Schneider truck or trailer collided with the trailer of the A & A truck, and they do not indicate whether this collision had any impact on Florea.  Nevertheless, it is undisputed that the Schneider truck and/or trailer collided with the rear of the A & A trailer.

Werner does not present a detailed and completely undisputed description of the specific sequence of events which occurred following the collision between the Schneider and the A & A trucks.  Notwithstanding, it is undisputed that at some point following that collision a westbound semi truck operated by CR England, driven by Brandon Nunley, slid on the ice, and that truck, and/or its trailer collided with the rear end of the trailer attached to the Schneider truck.  Again, neither Werner nor the other parties describe the severity of that collision, or the consequences of that collision with respect to either Florea or the cab of the Schneider truck.

In addition to the collision involving the CR England truck, at some point after the collision between the Schneider and A & A trucks, Werner's second truck, driven by Lane Trussell ("Werner 2"), approached the site of the collision between the Schneider and A & A trucks.  Due to the ice on the Interstate, the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 8

Werner 2 truck, and/or its trailer collided with, or made contact with the cab of the Schneider truck.  The Werner 2 truck then continued west on I-90 a short distance to the location of the Werner 1truck and, according to Werner, collided with, or made contact with the trailer of the Werner 1 truck before coming to a complete stop.  Although Werner does not present any evidence describing the severity of Werner 2's collision with the Schneider cab, or the severity of Werner 2's collision with the Werner 1 trailer, it concedes theses collisions occurred.

Thereafter, a semi truck operated by ATS, driven by Don Lyon, was traveling west and approached the accident scene.  Although Werner advises that the parties dispute whether the ATS truck collided with the cab of the Schneider truck, the evidence is undisputed that the ATS truck continued west, past the location of the A & A and Schneider trucks, to the location of the Werner 1 and Werner 2 trucks.  The evidence is also undisputed that the ATS truck collided with the Werner 2 trailer, and the collision split the trailer in half.

Although Werner and the other parties do not describe how the cab of the Schneider truck got damaged, it is undisputed that one or more of the various collisions described above obliterated the cab, or severely damaged it beyond recognition as reflected in the photographs filed with the Court.  *See e.g.* Dkt. #

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 9

140-7.  Werner and the other parties do not state whether Florea was inside the cab, or outside the cab at the time of any of the collisions that occurred after the collision between the Schneider truck and the A & A trailer.

Although the Court recognizes the details of the accidents are in dispute, neither Werner nor the other parties explain exactly what happened to Florea in the collisions, and they do not explain which collision or collisions caused Florea's physical injuries.  It is, however, undisputed that after the accidents people at the scene found Florea lying on the Interstate, parallel to the frame of the Werner 2 truck, in front of its drive axles, and near or under the passenger-side fuel tank of the Werner 2 truck.  Deposition of Lane Trussell (January 16, 2009) at 96 (Dkt. #129-5 at 25 of 53).  It is also undisputed that the Werner 2 truck was located some distance - maybe a couple hundred feet - to the west of the cab of the Schneider truck where the Werner 2 truck collided with the Werner 1 truck.

Although Florea was found under the Werner 2 truck, the evidence, as presented, does not explain which truck, or trucks, physically impacted Florea, how his body got physically caught in the collisions, or how he was transported west from the Schneider truck's cab to the location of the Werner 1 truck.  Based on the sequence of events, however, it is possible that Florea was struck by either

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 10

the Werner 2 truck, the ATS truck, or both trucks, and that either truck, or both

trucks, drug him or carried him on the Interstate to the west and to the location

where the Werner 2 truck collided with the Werner 1 truck. *See* Deposition of

Stephen Gaston (December 1, 2008) at 213-214 (Dkt. # 140-2 at 5 of 7) (stating

that it is possible that either the Werner 2 truck or the ATS truck struck Florea and

moved him on the Interstate).

Significantly, the evidence does not explain whether Werner 2's collision

with the Werner 1 trailer may have caused any, some, or all of Florea's injuries.

Contrary to Werner's assertions, it is not undisputed that Florea was not injured by

Werner 2's collision with Werner 1.

### D.     Werner's Liability for the Operation of Werner 1

All of the parties' cross claims and third-party claims are predicated upon

each of the other parties' alleged negligent operation of their trucks. "Negligence

is the failure to use the degree of care that an ordinarily prudent person would

have used under the same circumstance." *Barr v. Great Falls International*

*Airport Authority*, 2005 MT 36, ¶ 41, 326 Mont. 93, 107 P.3d 471 (2005).

> To maintain an action in negligence, the plaintiff must prove four essential
> elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant
> breached that duty, (3) the breach was the actual and proximate cause of an
> injury to the plaintiff, and (4) damages resulted.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 11

*Peterson v. Eichhorn*, 2008 MT 250, ¶ 23, 344 Mont. 540, 189 P.3d 615 (2008).

Summary judgment dismissing a claim of negligence is appropriate if the party

advancing the claim fails to establish one of these four elements. *Hagen v. Dow*

*Chemical Co.*, 261 Mont. 487, 492, 863 P.2d 413, 416 (1993).

In moving for partial summary judgment Werner asserts that it is not liable

for Jason Wood's conduct and his operation of the Werner 1 truck. Werner's

motion is presented on the sole ground that it believes there exists no evidence that

Marcel Florea suffered any injuries as a result of any collision involving the

Werner 1 truck or its trailer. Thus, Werner argues the other parties cannot

establish the causation element of the negligence claims advanced in this action.

Werner asserts its operation of the Werner 1 truck "did not and could not

have caused" any of the Plaintiffs' damages. Dkt. # 141 at 2. Werner construes

the facts to suggest that "[t]he only way Werner 1 could have caused the Plaintiffs'

damages is if Werner 1 had collided with the Schneider truck." *Id*. at 9.

Therefore, it argues, since Werner 1 did not collide with the Schneider truck,

"Werner 1 was not involved in any of the collisions that caused Marcel Florea's

personal injuries[,]" and it cannot be held liable to the other Defendants, or Third-

Party Defendant Schneider, for either indemnification or contribution. *Id*. at 10.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 12

Contrary to Werner's assertions, its motion fails to demonstrate the absence of genuine issues as to the material facts relevant to the issue of the cause of Florea's injuries.  Fundamentally, Werner fails to account for the fact, as presented in its moving documents, that the Werner 2 truck collided with the Werner 1 truck. Additionally, Werner fails to address the undisputed fact that after the accidents Florea was found on the ground, near or underneath the passenger-side fuel tank of the Werner 2 truck at the location where the Werner 2 truck collided with the Werner 1 truck - some distance to the west of the Schneider truck.  These facts do not support Werner's conclusion that Florea was not injured by any collision involving the Werner 1 truck.

## III.   CONCLUSION

Based on the foregoing, Werner has failed to meet is summary judgment burden of establishing the absence of essential evidence that would support the causation element of the negligence claims asserted in this action with respect to Werner's operation of the Werner 1 truck.  Werner has not established, as an undisputed fact, that Florea was not injured in the collision between the Werner 1 and the Werner 2 trucks.  Therefore, Werner is not entitled to summary judgment

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 13

with respect to its operation of the Werner 1 truck.[3]

Accordingly, IT IS HEREBY RECOMMENDED that Werner's Motion for Partial Summary Judgment Re: No Liability of Werner 1 should be DENIED.

DATED this 19th day of November, 2009.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[3]Werner's motion is premised solely on Werner's assertion that the evidence fails to support the element of causation as is necessary to the success of the negligence claims advanced in this action.  In response to the motion the other parties suggest there exist genuine issues of material fact relative to the issue of causation, but they also argue that Werner breached its legal duties in its operation of Werner 1.  Therefore, the other parties contend the negligence claims against Werner should survive summary judgment.  For purposes of addressing Werner's motion addressing the issue of causation as presented by Werner, the Court assumes Werner breached a legal duty (or duties) it owed to Marcel Florea based on its operation of the Werner 1 truck.  *See* Dkt. # 138 at 8-19 (discussing the legal duties applicable to A & A's operation of its truck involved in the accidents).  Since Werner's motion fails on the element of causation the Court need not address the merits of the other three elements of the negligence claims - duty, breach, and damages.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 14